**FILED**

**June 29, 2017**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 9:29 AM**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT KNOXVILLE

| | | |
|---|---|---|
| KEITH COLE, | ) | **Docket No.: 2017-03-0206** |
| Employee, | ) | |
| v. | ) | |
| SMOKY MOUNTAIN HARLEY | ) | **State File No.: 13579-2017** |
| DAVIDSON, | ) | |
| Employer, | ) | |
| And | ) | |
| ACCIDENT FUND INSURANCE CO. | ) | **Judge Lisa A. Lowe** |
| OF AMERICA, | ) | |
| Carrier. | ) | |
| | ) | |

## EXPEDITED HEARING ORDER
## DENYING MEDICAL BENEFITS AND TEMPORARY DISABILITY BENEFITS
## (DECISION ON THE RECORD)

This matter came before the undersigned Workers' Compensation Judge on the Request for Expedited Hearing by a decision on the record filed by Keith Cole on May 2, 2017. Smoky Mountain Harley Davidson (SMHD) originally objected to a decision on the record and requested an in-person evidentiary hearing. However, SMHD withdrew the request on May 15 with the informal agreement that it could have additional time to file its response and support affidavits. SMHD submitted its response and supporting affidavits on June 2. The Court issued a docketing notice listing the contents of the record and allowed Mr. Cole and SMHD until June 16 to file objections. Neither party filed an objection. This Court finds it needs no additional information to determine whether Mr. Cole is likely to prevail at a hearing on the merits of the claim. Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2016), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(c) (2016), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2017), the Court decides this matter upon a review of the written materials.

In this case, the central legal issue is whether Mr. Cole has established that he is likely to prevail at a hearing on the merits that his right knee injury arose primarily out of

1

and in the course and scope of his employment on September 7, 2016.[1] For the reasons set forth below, the Court finds Mr. Cole failed to come forward with sufficient evidence to establish that he is likely to prevail at a hearing on the merits that his right knee injury arose primarily out of and in the course and scope of his employment on September 7, 2016.

## History of Claim

A review of the written materials revealed the following facts.

Mr. Cole is a fifty-seven-year-old resident of Sevier County, Tennessee, and SMHD employed him as a general employee. His job duties included cleaning floors, trash removal, delivery of purchases, and moving motorcycles to different locations. Mr. Cole is also required to complete any other required tasks assigned by SMHD. On April 4, 2016, Mr. Cole injured his left knee, hip, and back when he fell while mopping floors at work. SMDH accepted this injury as compensable, and he began treatment with authorized provider Tennessee Orthopaedic Clinics (TOC) under workers' compensation. Soon after the injury, he noticed problems with his left knee buckling. On September 7, 2016, while assisting a customer with a motorcycle, Mr. Cole stated that his left knee "gave out," causing him to fall on his right knee.

Mr. Cole alleges he told Manager Tony Elliott that he fell and injured his right knee the same day of the injury. Mr. Cole further alleges that he told TOC about his right knee injury and was advised that his right knee could not be examined without authorization from Accident Fund. Mr. Cole alleges he is entitled to a panel of orthopedic physicians for treatment of his right knee.

Mr. Elliott stated that Mr. Cole told him that his left knee gave out while speaking with a customer. Mr. Elliott asked Mr. Cole if he was "okay," and Mr. Cole replied, "I'm all right." Mr. Elliott noted that "Mr. Cole made no mention of any injury whatsoever at that time, nor did he ever inform me that he has been injured by his fall on September 7, 2016."

General Manager Steve Ownby stated that he knew Mr. Cole had fallen on September 7, 2016, but "he never told me that he had injured his right knee. . . . I never knew he claimed to be injured until months later, when [he] filed a workers' compensation claim." Additionally, Mr. Ownby stated that, since Mr. Cole failed to provide notice of an alleged September 7, 2016 injury, he was unable to perform a proper investigation.

---

[1] Mr. Cole also alleges that his right knee injury is a "natural consequence" of his prior compensable April 4, 2016 work injury. However, Mr. Cole's Petition for Benefit Determination and Dispute Certification Notice only list a September 7, 2016 injury.

Co-worker Michael Liles stated that, on September 7, 2016, he saw Mr. Cole trip and fall "out of the corner of his eye." The female customer with whom Mr. Cole was standing asked him, "Are you okay?" Mr. Cole replied, "I'm all right." Mr. Liles stated Mr. Cole never told him that he was injured when he fell on September 7, 2016. Mr. Liles further stated that he never heard Mr. Cole tell anyone else that he injured himself when he fell on September 7, 2016.

*Medical Records*

Mr. Cole treated with various physicians at TOC for his compensable left knee injury. A review of those records relative to references of Mr. Cole's left knee "buckling" or "giving way" and any reference, or lack thereof, to a right knee injury is relevant and reveals the following:

- On May 5, 2016, Mr. Cole reported to Dr. Harrison "occasional giving way and locking on the left knee."

- On July 14, 2016, Mr. Cole again reported to Dr. Harrison "mechanical symptoms of intermittent giving way of his knee."

- On July 25, 2016, Mr. Cole complained to Dr. Reynolds "of catching and giving way and other mechanical symptoms in the knee."

- On August 17, 2016, Mr. Cole reported to Dr. Lavelle "instances where the left leg feels like it is going to give way."

- On October 12, 2016, Dr. Lavelle noted, "He has noticed over the last week or so episodes of the left leg giving way and him falling. He did have one episode like this at work [where] the left leg gave way and he fell down."

- On November 2, 2016, Dr. Bolt noted, "his left leg is 'giving way.'"

**Findings of Fact and Conclusions of Law**

*Standard applied*

The following legal principles govern this case. Because this case is in a posture of an Expedited Hearing, Mr. Cole need not prove every element of his claim by a preponderance of the evidence in order to obtain relief. *McCord v. Advantage Human Resourcing*, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Mar. 27, 2015). Instead, he must come forward with sufficient evidence from which this Court might determine he is likely to prevail at a hearing on the merits. *Id.*; Tenn. Code Ann. § 50-6-

3

239(d)(1) (2016).

The Workers' Compensation Law mandates that "[e]very injured employee . . . shall, immediately upon the occurrence of an injury, or as soon thereafter as is reasonable and practicable, give or cause to be given to the employer who has no actual notice, written notice of the injury." Tenn. Code Ann. § 50-6-201(a)(1) (2015). That section additionally provides that "[n]o compensation shall be payable . . . unless the written notice is given to the employer within fifteen days after the occurrence of the accident, unless reasonable excuse for failure to give the notice is made to the satisfaction of the tribunal to which the claim for compensation may be presented." *Id.*

Tennessee Code Annotated section 50-6-204(a)(1)(A) (2016) provides that "[t]he employer or the employer's agent shall furnish, free of charge to the employee, such medical and surgical treatment . . . made reasonably necessary by accident as defined in this chapter." Furthermore, a work-related injury "causes . . . the need for medical treatment only if it has been shown to a reasonable degree of medical certainty that it contributed more than fifty percent (50%) in causing the . . . need for medical treatment." Tenn. Code Ann. § 50-6-102(14)(C) (2016). "'Shown to a reasonable degree of medical certainty' means that, in the opinion of the physician, it is more likely than not considering all causes, as opposed to speculation or possibility." Tenn. Code Ann. § 50-6-102(14)(D) (2016).

However, the Appeals Board has held that:

Mere notice of an alleged workplace accident, in and of itself, does not trigger an employer's duty to provide medical benefits in every case, without regard to the particular circumstances presented. *If an employer chooses to deny the claim following its initial investigation, the employee must come forward with sufficient evidence from which the trial court can determine that the employee likely will prove a compensable injury by accident at a hearing on the merits* in accordance with section 50-6-239(d)(1). Conversely, an employer who elects to deny a claim runs the risk that it will be held responsible for medical benefits obtained from a medical provider of the employee's choice and/or that it may be subject to penalties for failure to provide a panel of physicians and/or benefits in a timely manner.

*McCord,* at \*13-14 (Emphasis added).

The parties seem to be in agreement that SMHD had actual notice of Mr. Cole's September 7, 2016 *accident.* The critical issue in dispute is whether SMHD had notice that Mr. Cole sustained an injury requiring medical treatment on September 7, 2016. To that point, Mr. Cole stated he told Mr. Elliott and TOC that he injured his right knee in

4

the fall. However, Mr. Elliott and Mr. Liles stated Mr. Cole did not report that he was injured and when specifically asked if he was "okay," he said he was "all right." Once SMHD chose to deny the right knee injury and not provide a panel of physicians, the burden shifted to Mr. Cole to provide sufficient evidence from which this Court can determine he is likely to prove a compensable injury by accident at a hearing on the merits.

From a medical standpoint, the TOC records mention Mr. Cole's left leg occasionally "buckling" or "giving way," and even mention that he had an "episode like this at work . . . and he fell down." However, there is no reference in the post-September 7, 2016 TOC records of a right knee injury or even right knee pain. Mr. Cole alleges he told TOC about his right knee pain but TOC would not examine his right knee without Accident Fund authorization. When Mr. Cole first presented to TOC for his April 4, 2016 work injury, Dr. Harrison noted that, in addition to knee and hip pain, Mr. Cole complained of back pain but "his lumbar spine has not been included in his workers' comp coverage." Therefore, the implication *could* be made that, had Mr. Cole complained of right knee pain, the TOC physician would have noted the complaint and indicated the right knee pain was not included in his workers' compensation coverage. However, even absent that implication, it is undisputed that the submitted records do not contain any reference to right knee pain.

In a February 27, 2017 letter from Mr. Cole's attorney to the adjuster, Mr. Cole's attorney stated that Mr. Cole spoke with Dr. Reynolds about the new right knee injury at a September 8, 2016 appointment. The letter also noted that on February 6, 2017, Dr. Reynolds told Mr. Cole he needed a right knee MRI. However, Mr. Cole did not provide a September 8, 2016 TOC medical record, nor did he provide a February 6, 2017 TOC record. November 2, 2016 is the last date of TOC medical records provided by Mr. Cole. There is no medical proof in the record that Mr. Cole's September 7, 2016 alleged right knee injury arose primarily out of and in the course and scope of his employment. Further, there is no medical proof in the record that Mr. Cole's right knee injury arose as a natural consequence of his prior April 2016 compensable left knee injury.

Based on the statements of Mr. Elliott and Mr. Liles, coupled with the lack of right knee complaints in the post-September 2016 TOC records and the lack of any medical opinion causally relating Mr. Cole's right knee complaints to either a September 7, 2016 work injury or to his prior April 4, 2016 work injury, the Court holds that Mr. Cole failed to establish that he is likely to prevail at a hearing on the merits that his alleged right knee injury arose primarily out of and in the course and scope of his employment.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Cole's claim against Smoky Mountain Harley Davidson is denied at this time.

5

2. This matter is set for a Scheduling Hearing on **August 21, 2017, at 9:30 a.m. Eastern Time**. The parties must call (865) 594-0109 or (toll-free) (855) 383-0003 to participate in the Scheduling Hearing. Failure to appear by telephone may result in a determination of the issues without your further participation.

**ENTERED this the 29th day of June, 2017.**

*Lisa A. Lowe*

**HON. LISA A. LOWE**
**Workers' Compensation Judge**

## APPENDIX

The Court considered the following documents:

1. Petition for Benefit Determination with attached February 27, 2017 position statement
2. Dispute Certification Notice
3. Request for Expedited Hearing-decision on the record
4. Brief in Support of Employee's Request for Expedited Hearing
5. Objection to Employee's Request for A Decision on the Record
6. Employer's Notice of Withdrawal of Objection to Employee's Request for Decision on the Record
7. Employer's Brief in Opposition to Employee's Brief in Support of Request for Expedited Hearing
8. Affidavit of Keith Cole
9. Affidavit of Attorney Timothy Roberto
10. Affidavit of General Manager Steven Ownby
11. Affidavit of Sales Manager Tony Elliot
12. Affidavit of Co-worker Michael Liles
13. February 7, 2017 letter from Attorney Roberto to Adjuster Karen Hoffman
14. Tennessee Orthopedic Clinic Medical Records of:
    - Dr. John Harrison
    - Dr. John M. Reynolds
    - Dr. John M. Lavelle
    - Dr. Patrick Bolt

    Dates of service: (4/21/16, 5/5/16, 5/26/16, 6/3/16, 6/23/16, 7/14/16, 7/25/16, 8/17/16, 10/12/16, 11/2/16)

6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 29th day of June, 2017.

| Name | Certified Mail | Fax | Email | Service sent to: |
|---|---|---|---|---|
| Timothy Roberto, Employee's Attorney | | | x | troberto@brownandroberto.com |
| Cole B. Stinson, Employer's Attorney | | | x | cole.stinson@accidentfund.com |

**PENNY SHRUM, Court Clerk**
**WC.CourtClerk@tn.gov**

7